### KENNELLY v. WALKER et al.

(Supreme Court, Appellate Term.   November 29, 1907.)

CONTRACTS—PART PERFORMANCE—ACTIONS—MEASURE OF RECOVERY.

Where a person only partially performs a contract to construct a sidewalk, his recovery is limited to the contract price, less such sum as would be required to complete the work.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 11, Contracts, § 1502.]

Appeal from Municipal Court, Borough of Manhattan, Tenth District.

Action by Patrick Kennelly against Gustav Walker and another. Judgment for plaintiff, and defendants appeal.   Reversed, and new trial ordered.

Argued before GILDERSLEEVE, P. J., and LEVENTRITT and ERLANGER, JJ.

George L. Donnellan, for appellants.
William H. Janes, for respondent.

PER CURIAM. The plaintiff entered into a written contract with the defendants by the terms of which he agreed to lay a first-class sidewalk in front of certain premises owned by them for the sum of $100, all the work to be done to their satisfaction. It appears from the evidence of the plaintiff that the defendants would not permit him to complete the work. The defendants claimed that the work was not performed to their satisfaction, and that they were required to substitute an entirely new walk, for which they paid $180. On conflicting evidence the trial justice found for the plaintiff for the full amount claimed.

The judgment cannot be sustained. Assuming that the plaintiff was entitled to a judgment, in view of the fact that he only partially performed, his recovery must be measured by the contract price, less such a sum as would be required to complete the work.

The judgment must be reversed, and a new trial ordered, with costs to appellants to abide the event.